IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-02604-RBJ-GJR

DELTA-MONTROSE ELECTRIC
ASSOCIATION, a Colorado electric
cooperative, and SAN MIGUEL POWER
ASSOCIATION, a Colorado Electric
cooperative,

    Plaintiffs,

v.

ALLAN J. ROSING, dba THE ROSING
GROUP, a sole proprietorship,

    Defendant.

## ORDER

This case was originally filed in Montrose County District Court (Case number 2010-cv-417). Defendant removed the case to this Court based on diversity jurisdiction. The case is before the Court on plaintiffs' motion to remand.

**Facts**

Delta-Montrose Electric Company ("DMEA") and San Miguel Power Associations ("SMPA") are Colorado electric cooperatives. They entered into an Agreement for Professional Services ("Agreement") with the Rosing Group for assistance with their planned merger. Complaint ¶4. Shortly thereafter DMEA and SMPA terminated the Agreement. Following several months of negotiation aimed at resolving disagreement about the amount of payment due to Rosing, DMEA and SMPA filed an action seeking an interpretation of the applicable terms of the Agreement and a declaration of the parties' rights and duties thereunder.

1

Rosing alleges that it is owed $72,525.50 for professional fees plus $2,040.93 in out-of-pocket expenses for a total of $74,566.43. Complaint ¶12. That amount is below the $75,000 threshold for removal of a diversity case to federal court. 28 U.S.C. § 1332(b). However, the Agreement requires DMEA and SMPA to pay attorney's fees incurred in collection of a delinquent account. In its Notice of Removal, Rosing states that it seeks attorney's fees of "at least $3,265.00," which would increase the total claim to $77,831.43. Plaintiffs counter that, as Rosing acknowledges in its complaint, they have already paid $20,000, so that the amount actually in dispute is only $57,831.20. Rosing responds with an affidavit of its counsel who states that he believes Rosing's attorney's fees will exceed $20,433.57 *if* the matter goes to trial, and if so, the total damages will exceed $75,000. Rosing also accuses the plaintiffs of paying the $20,000, after steadfastly maintaining that they would pay nothing, in order to defeat diversity jurisdiction.

**Conclusions**

Legal Maneuvers

Addressing the latter argument first, in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938), the Court held that a plaintiff cannot reduce its claim to defeat diversity jurisdiction after the case has been removed: "If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right would be subject to the plaintiff's caprice." *Id.* at 294. In the present case, however, any action taken by the plaintiffs to allegedly avoid diversity jurisdiction occurred *before* the initiation of this action. A plaintiff may employ pre-litigation strategy to avoid diversity jurisdiction: "If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and

though he would be justly entitled to more, the defendant cannot remove." *Ibid.* When plaintiffs made their payment they stated, "[p]lease understand, the enclosed $20,000 is not tendered as payment in full and no release or other satisfaction is required. DMEA and SMPA acknowledge that some payment is owed and thus the enclosed payment. The remaining amount of the claimed billing remains in dispute." Doc. #14, Exhibit 3.

### Attorney's Fees

"The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co v. Jones*, 290 U.S. 199, 202 (1933)). However, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the '*underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). The figures in the complaint and notice of removal do not meet the $75,000 requirement.

This shortcoming presumably could be remedied by inserting the attorney's estimate in an amended notice of removal. However, *Miera* spoke of a "reasonable estimate" of attorney's fees. The attorney's estimate here is "reasonable" in the sense that if this litigation were to go forward with full bore litigation, complete with substantial discovery, motion practice, trial preparation, and trial, both sides' attorney's fees could exceed $20,000. However, as the parties and their experienced counsel surely realize, this is not a dispute that should generate attorney's fees of that nature. It is a relatively simple and straightforward case. It likely will be settled, and

3

even if not, the amount in controversy does not appear to justify the kind of "scorched earth" tactics that run up the fee bill.  As the Seventh Circuit commented in *Gardynski-Leschuck v. Ford Motor Co.*, "[u]nlike future income lost to injury, legal fees are avoidable.  It is essential to distinguish between the likely course of litigation and the legal rights of the parties."  142 F.3d 955, 958 (7th Cir. 1998).  Attorney's fees in excess of $20,433.57 appear to be avoidable and unlikely in this case.

"A federal district court must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."  *Miera, supra* at 1339.  That is not to say that Rosing would not be entitled to have his day in federal court if he established his entitlement to it.  However, I am not persuaded by his numbers or by a common sense appraisal of the case that he has done so.

**Order**

The plaintiff's Motion to Remand (#9) is granted.  The Court declines to award attorney's fees to the plaintiffs.  A successful motion to remand "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal."  28 U.S.C. § 1447(c). However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  Attorney's fees should be awarded only in cases "where the removing party lacked an objectively reasonably basis for seeking removal."  This is not such a case.

The Clerk of Court shall transmit the file to the Clerk for the Montrose County District Court and thereafter close this case.  The Court does not reach defendant's Motion to Dismiss

(#4), Plaintiff's Motion for Order to Hold Pretrial in Grand Junction (#10), or Defendant's Appeal of Magistrate Judge Decision (#41).

DATED this 1st day of November, 2011.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge